UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FRANK R. GOLDSMITH,

    Plaintiff,

    v.

SPOKANE COUNTY,

    Defendant.

NO. CV-08-355-RHW

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant's Motion for Summary Judgment (Ct. Rec. 18). The motion was heard without oral argument. On September 4, 2009, Plaintiff was provided with a Notice to Pro Se Litigants of the Dismissal and/or Summary Judgment Rule Requirements (Ct. Rec. 23). Plaintiff did not file a response.

On the face of his complaint, Plaintiff asserts two causes of actions. First, Plaintiff asserts that his due process rights were violated when he was denied an opportunity to be heard on his habeas motion. In making this claim, he specifically refers to WASH. CONST. ART I, § 13. He seeks $75,000 in damages. Second, Plaintiff asserts that he was detained without bond from August 17, 2007 until March 8, 2008, in violation of WASH. CONST. ART I, § 20, and seeks $75,000 in damages for this claim.

## BACKGROUND FACTS

On October 4, 2006, Plaintiff was extradited from Hood County, Texas to Spokane County to face three counts of first degree child molestation. A $50,000

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT** ~ 1

bond was set while he awaited trial.  It does not appear that Plaintiff posted bail.  Plaintiff sought to have a habeas hearing, alleging that Texas improperly extradited him without: (1) notice; (2) being before a judge; (3) and the assistance of counsel.  Judge Cozza of the Spokane County Superior Court, who handled the criminal proceedings, indicated that a habeas hearing would occur post-trial.

On June 1, 2007, Plaintiff filed a habeas petition in the Eastern District of Washington on the basis that extradition was improper for the aforementioned reasons.  Judge Quackenbush denied the petition on the grounds that habeas relief for the legality of extradition can only be challenged in Texas, and is unavailable in Washington.

Trial was held on June 8, 2007 in Spokane County.  Plaintiff was found guilty of three counts of child molestation.  On June 12, 2007, Judge Cozza revoked the bond while Plaintiff awaited sentencing.

Plaintiff moved post-trial to dismiss these counts due to insufficient evidence.  On August 17, 2007, all three convictions were vacated, but the court refused to dismiss the proceedings because it viewed the problem as one of giving Plaintiff appropriate notice of the charges and not sufficiency of the evidence.  Instead, the court permitted the State to amend the action and re-file, which it did on the same day.  At this time, Plaintiff was not released but remained in custody.  On August 20, 2007, Plaintiff was arraigned on the charges, and the court agreed to hear Plaintiff's habeas petition on September 21, 2007.

On that same day, Plaintiff filed a notice of appeal to the Washington Court of Appeals seeking review on the Superior Court's refusal to dismiss the proceedings.  The Division III Court of Appeals dismissed the charges because of double jeopardy concerns.  *State v. Goldsmith,* 147 Wash. App. 317, 326 (2008).  Plaintiff was ultimately released from custody December 12, 2008, following the decision by the Court of Appeals.

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT  ~ 2**

## ANALYSIS

Since *pro se* complaints are construed liberally, *see Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001), Plaintiff's alleged violations could be construed to be asserting 42 U.S.C. § 1983 claims for the violation of his due process rights. The first claim would be that Plaintiff was denied his constitutional right of access to the courts as guaranteed by the Due Process Clause of Fourteenth Amendment. *See Wolff v. McDonnell,* 418 U.S. 539, 579 (1974) ("The right of access to the court . . . is the founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights."). The crux of this claim is that Plaintiff was denied his right to access the court when the State court failed to hear his habeas corpus petition.

The second claim could be that the bail recommended by the state was excessive violating the Eighth Amendment. It appears that Plaintiff was in jail from October 2006, through December of 2008. He was never sentenced for the original conviction and he remained in jail even though it appears that he would have been released with a $50,000 bond, which was later reduced to $35,000.

### A. Standard of Review

Under the Federal Rules of Civil Procedure 56(c), summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Initially, the moving party must prove that there is an absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Summary judgment is inappropriate if there is a dispute about a material fact, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248. If the moving party is able to clear this initial hurdle, the non-moving party must then go beyond the pleadings and "set

1  forth specific facts showing that there is no genuine issue for trial. *Id.* at 248.

2  After showing that there are no questions of material fact, the moving party has the burden to show that it is entitled to judgment as a matter of law. *Smith v. Univ. of Washington Law School,* 233 F.3d 1188, 1193.  Judgment as a matter of law is appropriate if the non-moving party cannot make a showing on an essential element of a claim where that party bears the burden of proof. *Celotex,* 477 U.S. at 323.  If the party opposing a motion for summary judgment fails to respond, summary judgment should be entered if appropriate.  Fed. R. Civ. P. 56(e)(2).

**B.    Discussion**

In this case, summary judgment is appropriate on both claims.  There are not any genuine issues of material fact regarding whether Plaintiff can demonstrate actual injury regarding his access to the court's claim. *See Lewis v. Carey*, 518 U.S. 343, 351 (1996) (holding that a plaintiff must demonstrate that the defendant's conduct caused actual injury in order to state a claim for denial of access to the court).  Moreover, there is nothing in the record to support a claim that bail was excessive. *See Galen v. County of Los Angeles*, 477 F.3d 652, 660 (9th Cir. 2007).  Defendant was extradited from Texas, was charged with a sex offense, and had several prior felony convictions and failures to appears.

Accordingly, **IT IS HEREBY ORDERED:**

1.  Defendant's Motion for Summary Judgment (Ct. Rec. 18) is **GRANTED**.

2.  The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

///
///
///
///

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT ~ 4**

1  **IT IS SO ORDERED.**  The District Court Executive is directed to enter this
2  Order, forward copies to Plaintiff and counsel, and **close the file**.
3  **DATED** this 11th day of December, 2009.

*s/Robert H. Whaley*

ROBERT H. WHALEY
United States District Judge

Q:\CIVIL\2008\Goldsmith\deny2.wpd

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT ~ 5**